UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                                                                                         Plaintiff,

v.

RD LEGAL CAPITAL, LLC,

                                                                                         Defendant.

---

## APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR A JUDGMENT ENFORCING COMPLIANCE WITH FINAL ORDER AS TO RD LEGAL CAPITAL, LLC

In this summary proceeding, the Securities and Exchange Commission applies to the Court for a judgment pursuant to Section 20(c) of the Securities Act of 1933, enforcing compliance by the Defendant RD Legal Capital, LLC with a Commission order entered against it on October 15, 2018 that directed it to pay a civil penalty of $575,000, in the form of the proposed judgment attached as Exhibit 1 to the accompanying Declaration of Elizabeth Goody ("Goody Dec.").

### JURISDICTION AND VENUE

1.     This Court has jurisdiction of this Application under Sections 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c).

2.     Venue lies in the Southern District of New York under Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), in that offers or sales of the securities that formed the basis of the charges in this case took place within this District.

### PARTIES

3.     **The Commission** is an agency of the United States government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549. The

Commission's New York Regional Office is located at 200 Vesey Street, Room 400, New York, New York 10281-1022.

4. **RD Legal Capital, LLC** ("RD Legal") is a Delaware limited liability company with its principal office in Creskill, New Jersey. Roni Dersovitz of Tenafly, New Jersey, is the entity's owner, president and chief executive officer. RD Legal was previously registered with the Commission as an investment adviser, and was the managing partner and investment manager of two funds that purchased, at a discount, receivables due from lawsuits.

## FACTUAL BACKGROUND

A. **RD Legal Violates the Federal Securities Laws.**

5. On July 14, 2016, the SEC instituted administrative cease-and-desist proceedings against RD Legal and Dersovitz, alleging that they misrepresented the type and diversification of assets in two funds under management when marketing and selling investments in the funds. *In re RD Legal Capital, LLC and Roni Dersovitz*, Securities Act Rel. No. 84793, Admin. Proc. File No. 3-17342 (July 14, 2016).

6. On October 15, 2018, the Commission issued an initial decision finding that certain investments made by RD Legal and Dersovitz went beyond the scope of the funds' strategy, and as a result, RD Legal and Dersovitz violated Sections 17(a)(2) and (3) of the Securities Act. A copy of the Initial Decision is attached as Exhibit 2 to the Goody Dec.

7. The Initial Decision imposed, pursuant to Section 8A of the Securities Act, a $575,000 penalty against RD Legal and a $56,250 penalty against Dersovitz, and both were ordered to cease and desist from further violations of Sections 17(a)(2) and (3) of the Securities Act. Additionally, for a period of six months, Dersovitz was barred from association with an investment adviser, broker, dealer, municipal securities dealer, municipal advisor, transfer agent,

or nationally recognized statistical rating organization and from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered investment company.

8. No petition for review was filed thereafter, and the Initial Decision became final on December 11, 2018. Goody Dec. at Ex. 3.

**B.     RD Legal Fails to Comply with the Final Order.**

9. Payment of the civil penalties was due no later than 21 days after the Initial Decision became final. Dersovitz paid his debt to the Commission. However, RD Legal has made no payments, and its entire balance, plus interest, remain outstanding.

## CLAIM FOR RELIEF

10. Section 20(c) of the Securities Act provides:

> Upon application of the Commission, the district courts of the United States…shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this title or any order of the Commission made in pursuance thereof.

11. Enforcement proceedings such as this are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). As a result, they may be commenced by an order to show cause, rather than by first filing a summons and complaint. *See, e.g., McCarthy* at 656–57; *SEC v. Gerasimowicz,* 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Vero Capital Mgmt., LLC et al.*, 1:16-mc-359-P1 (S.D.N.Y. Dec. 7, 2016); *SEC v. Taber,* 1:13-mc-282-KBF (S.D.N.Y. Oct. 13, 2013); *SEC v. Wicker, et al.*, 1:17-mc-00378-ALC (S.D.N.Y. Oct. 2, 2017)*; SEC v. Belesis*, 1:17-mc-00508-PGG (S.D.N.Y. Dec. 20, 2017).

12. This summary proceeding satisfies due process requirements. The issuance of an order to show cause will provide for prompt service of this Application upon RD Legal, will set a

schedule for the submission of opposition and reply papers, and will set a date, time, and place for a hearing on this Application. This provides RD Legal with an opportunity to appear before this Court and be heard on the issue of whether, and to what extent, it paid or failed to pay the amount due pursuant to the Commission Order.

13. RD Legal may not challenge the merits of the Commission Order. To challenge the merits, RD Legal would have had to petition a United States court of appeals within 60 days of the entry of the Order. As stated in the Commission's Notice that Initial Decision Has Become Final, it did not do so. Goody Dec. at Ex. 3; 15 U.S.C. §§ 77i(a); *see also, Altman v. SEC*, 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011) *aff'd*, 687 F.3d 44 (2d Cir. 2012).

WHEREFORE, the Commission respectfully requests:

**I.**

That the Court enter an order directing RD Legal to show cause why this Court should not enter judgment enforcing compliance with the Commission Order.

**II.**

That the Court enter a judgment enforcing the Commission Order and requiring that RD Legal pay a civil penalty of $575,000, together with interest pursuant to 31 U.S.C. § 3717, as well as post-judgment interest pursuant to 28 U.S.C. § 1961.

**III.**

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 *et seq*.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated:    New York, New York
          September 11, 2019

_____
Marc P. Berger
Lara Shalov Mehraban
Judith Ann Weinstock
Elizabeth Reilly Goody
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022
Tel.:     212-336-0569 (Goody)
E-mail:   GoodyE@sec.gov